## ORMSBEE *against* DAVIS.

*A* brought an action against *B* on a bond of recognizance given by *B*, as the surety of *C*, the plaintiff in a writ of replevin, to recover the possession of certain goods, which had been attached by *A*, as the property of his debtor *D*, *C* claiming such goods as his property ; the condition of such bond being, that *C* should prosecute his writ of replevin to effect, and in case he should fail to make his plea good, that he should return the goods to the officer by whom they had been attached, so that they might be forthcoming to be taken by the execution that might be granted in the suit on which they were attached. The declaration alleged, that by virtue of said writ of replevin, said goods were replevied and delivered to *C ;* that *C* withdrew his action of replevin, and wholly failed to prosecute the same to effect ; that the court before which it was brought rendered judgment that *A* should recover his costs, and that *C*, having wholly failed to make out a title to said goods, should return them to the officer who had attached them, and that on failure thereof, he should pay the value of the goods ; that *A* having obtained judgment in the suit in which he had attached said goods, the execution was put into the hands of an officer, who demanded said goods of *C* ; and that *C* failed to exhibit them, and never returned them. The defendant pleaded, 1st, that said goods had been previously attached, by another creditor of *D*, in sundry suits, and were attached by *A* subject to such prior attachment ; that the officer put them into the hands of a receipter ; that the suits were pursued to final judgment, and executions were obtained ; that the officer, within sixty days after final judgment, demanded such goods of the receipter, in order to levy the executions thereon ; that the receipter refused to deliver up the goods for that purpose ; that the executions were duly returned unsatisfied, to an amount greater than

*Windham,*
July, 1844.

Ormsbee
*v.*
Davis.

the value of the goods; and that the receipter was liable to the officer for the value thereof. Held, that these facts did not excuse C for not returning the goods replevied, so that they might be taken by *A's* execution.

To the same action the defendant pleaded, 2dly, that the plaintiff was described as living, and that he in fact lived, out of the state, and no bond for prosecution was given. Held, that this was matter pleadable in abatement only, and constituted no defence to the action.

To the same action, the defendant pleaded, 3dly, that the goods, when so attached by *A*, and when so replevied by *C*, were *C's* property. The plaintiff, in his replication, claimed, that the defendant was estopped in this suit from alleging the matter stated in his plea, by reason of the facts alleged in the declaration. The rejoinder of the defendant repelled this claim of estoppel, by certain facts therein stated; to which there was a special demurrer. Held, 1. that it might well be doubted, whether the matter so pleaded was so directly put in issue and explicitly negatived in the replevin suit, or so necessarily inconsistent with the facts therein found, as to preclude the defendant from pleading such matter in this suit; but 2. that *A's* ownership of the goods constituted no legal excuse for not returning them to the officer, in compliance with the order of the court; the question here being, not whether *C* in fact owned the property, but whether he made out a title to it in the replevin suit; 3. that it was not necessary for the plaintiff to allege in his declaration, that there was an avowry by him in the replevin suit; nor 4. to show that any issue was formed or tried in that suit; nor 5. that a writ of *retorno habendo* was issued.

To the same action the defendant pleaded, 4ly, that *C*, the plaintiff in the replevin suit, had paid to *A*, the present plaintiff, the costs of that suit. Held, that this plea was no answer to the action.

THIS was an action of debt on a bond of recognizance, given by the defendant, as the surety of *Israel Saunders*, on a writ of replevin.

The declaration stated, that on the 21st of *January* 1841, the plaintiff brought an action against *Elisha A. Smith*, by writ of attachment, which was served by *Franklin Bailey*, a deputy-sheriff, by attaching certain goods as the property of *Smith;* that on the 1st of *February* 1841, *Israel Saunders*, claiming to be the owner of the goods so attached, prayed out a writ of replevin, with a count in trespass, against *Ormsbee*, the present plaintiff, on which *Simon Davis* Esq., the present defendant, as the surety of *Saunders*, entered into a recognizance, the condition of which was, that *Saunders* should prosecute his said writ to effect, and in case he should fail to make his plea good, that he should return and re-deliver said goods and chattels to said *Bailey*, by whom they had been attached, so that they might be forthcoming, to be taken by the execution that might be granted in the suit in which

*Windham.*
July, 1844.

Ormsbee
*v.*
Davis.

they were attached, and on failure thereof, to pay the debtor the damages that might be recovered in said suit ; that by virtue of such writ of replevin, said goods and chattels were replevied and delivered to *Saunders,* due service being made on *Ormsbee ;* that at the term of the county court in *December* 1841, *Ormsbee* recovered judgment by default, in his suit against *Smith,* for the sum of 357 dollars, 26 cents, damages, and 19 dollars, 89 cents, costs of suit ; that at the same term, *Ormsbee* appeared to answer in said action of *Saunders* against him, but *Saunders,* by his attorney, appeared and withdrew his said action, and wholly failed to prosecute his said action to effect, and to make his plea good ; that it was thereupon by said court considered, that *Ormsbee* should recover his costs on said action of replevin, taxed at 8 dollars, 79 cents ; that *Saunders* having wholly failed to make out a title to said goods and chattels, it was, by said court, considered and adjudged, that he should return them to the officer who had attached them, and that, on failure thereof, he should pay the value of such goods and chattels, or the damages and costs recovered in the action of *Ormsbee* against *Smith,* in case the value of said goods and chattels should exceed the amount of such damages and costs ; that an execution, issued on the judgment in favour of *Ormsbee* against *Smith,* was put into the hands of an officer, who, on the 7th of *Ferbruary* 1842, therewith made demand successively, of *Smith, Bailey,* the attorneys of *Saunders,* (*Saunders* himself being out of the state,) and *Davis,* the present defendant, for the goods and chattels so attached, but they, each and all, failed to exhibit them, and the execution was returned wholly unsatisfied. It was finally averred, that *Saunders* and the defendant had failed to comply with the condition of the bond, and the judgment of the court in said replevin suit, in each and all their requirements.

The defendant pleaded, 1st, that the goods replevied had been attached by *J. F. Pond & Co.,* in sundry suits, before the plaintiff's attachment, and were attached by him subject to such prior attachments ; that those suits were pursued to final judgment ; that executions issued thereon ; and that said goods were held by such executions. To this plea the plaintiff replied, that the goods were not sold on those executions, and that the lien created by the attachments had been relin-

*Windham,*
July, 1844.

Ormsbee
*v.*
Davis.

quished and had expired. The rejoinder of the defendant averred, that the lien created by the former attachments on the goods, had not been relinquished, and had not expired, but continued in force, at the time of the bringing of this suit. It then set forth, more in detail than in the plea, the facts, as they occurred, *viz.* that on the former attachments these goods were receipted by *William B. Mann;* that the executions were placed in the hands of *Bailey,* who after taking the proper preliminary steps, made demand of *Mann,* within sixty days after final judgment, of said goods, in order to levy the executions thereon; that *Mann* refused to deliver up the goods for that purpose; that the executions were duly returned unsatisfied, to an amount greater than the value of the goods; and that *Mann* continued to be, and then was, liable to *Bailey* for the value of said goods, to be applied on the executions. To this the plaintiff demurred specially, that it was a departure. There was then a joinder in demurrer.

The 2nd plea terminated in an issue *in fact,* which may now be laid out of the case.

The 3rd plea averred, that no bond for prosecution on said writ of replevin was given, although the plaintiff therein was described as living out of this state, *viz.* in *Providence, R. 1.* where he in fact lived. To this plea there was a demurrer; and joinder in demurrer.

The 4th plea averred, that the goods, when attached by the plaintiff, and when replevied by *Saunders,* were the property of *Saunders.* To this the plaintiff replied, that the defendant was estopped from setting up that claim, for the reason that the writ of replevin, having been duly served, was returned to court, and the plaintiff voluntarily withdrew it; after which a judgment was rendered for the defendant to recover his costs, and that *Saunders* should return said goods to be taken on the defendant's execution. The defendant rejoined, that he ought not to be estopped, because no bond for prosecution was given on said writ of replevin; that it contained a count in trespass alone; that *J. F. Pond & Co.* had, prior to the service of *Ormsbee's* attachment, attached said property, and removed it, and then held it in the custody of *Bailey,* the officer; that *Bailey* afterwards returned on *Ormsbee's* writ, that said property was attached subject to the

Windham,
July, 1844.

Ormsbee
v.
Davis.

attachments of *J. F. Pond & Co.;* that the defendant in the action of replevin pleaded a certain plea, [set forth in the rejoinder] but that no issue was joined thereon; that judgment for the redelivery of said property, was rendered by said court, after *Saunders* had withdrawn his suit, and was out of court; and that the title to said property was not found, by said court. To this the plaintiff demurred specially, assigning duplicity, as the ground of demurrer, and specifying the several matters set forth in the rejoinder as constituting such duplicity. There was then a joinder in demurrer.

The 5th plea averred, that the costs in the replevin suit were fully paid, before the bringing of this action. To this there was a demurrer, and joinder in demurrer.

The questions of law arising on these pleadings, were reserved for the consideration and advice of this court.

*Strong*, for the plaintiff, contended, 1. That the judgment for a return of the goods in the replevin suit, was *conclusive* upon *Saunders*, showing a breach of the condition of the replevin bond; and there is nothing in the first plea and rejoinder in the present case, which destroys or weakens the effect of that judgment. It was within the jurisdiction of the court, and properly rendered. See the remarks of *Sherman*, J., in *Ladd* v. *Prentice*, 14 *Conn. R.* 117. A judgment on default has the same effect as a judgment on an issue; and so of a judgment of non-suit. The judgment *de retorno* could as well be rendered after the withdrawal, as a judgment for costs in any suit, after a withdrawal or non-suit.

2. That the third plea, alleging that no bond for prosecution was given in the replevin suit, was not an answer to the present action. In the first place, this was matter pleadable in abatement only, and cannot be taken advantage of here. But secondly, the bond was required for the benefit of the defendant in that suit, the present plaintiff; and if he is satisfied, no one else has a right to complain. *Quisquis renuntiare potest*, &c.

3. That the fourth plea was insufficient, In the first place, *Davis*, the present defendant, who is in privity with *Saunders*, is estopped, by the judgment *de retorno*, to allege that the goods were the property of *Saunders*. The question of title to the goods, was settled by that judgment. A finding in

*Windham,*
*July, 1844.*

*Ormsbee*
*v.*
*Davis.*

form on an issue joined, is not necessary to constitute an estoppel. After a judgment by default on a promissory note, the defendant is estopped to deny the execution of the note, though it has not been found, nor has any issue been formed upon it. Estoppels are not odious, where the party to whom they are applied, has had an opportunity to vindicate his rights. Secondly, the matter pleaded is in itself no defence to this action. It does not shew, that the condition of the bond has been performed ; or that the judgment of the court has been complied with ; or that the defendant is excused from such performance or compliance.

4. That the fact alleged in the fifth plea, *viz.* that *Saunders* has paid to the present plaintiff the costs of the replevin suit, is clearly no defence to this action.

*Foster*, for the defendant, contended, 1. That the defendant was entitled to judgment on the first plea in connexion with the rejoinder. Whatever goes to show, that the present plaintiff has no interest in the property replevied, the subject matter in the replevin suit, and that he has not been damnified, by its not being returned to him, is a sufficient answer to the present claim. *Stevens* v. *Curtiss,* 3 *Conn. R.* 260. *Green* v. *Barker,* 14 *Conn. R.* 434. The first plea and rejoinder show, that when the plaintiff attached this property, it was subject to other attachments ; that it was afterwards receipted ; that judgments were rendered in those prior suits in favour of the attaching creditors ; and that demand was properly made on the receipter within sixty days. If then this property was the property of *Smith,* (and it must have been, or the plaintiff obtained no lien upon it,) the prior attaching creditors are entitled to the full value of it, to be applied on their judgments in the first instance. If the property is insufficient to pay those judgments, as it in fact was, nothing is left for the plaintiff, and he can have no claim. It avails nothing that the sixty days had expired after final judgment, and the property had not been sold. That the receipter continued liable to the officer, and the officer to the prior attaching creditors, is a sufficient answer to the claim. *The Commercial Bank* v. *Wilkins,* 9 *Greenl. R.* 28.

The rejoinder is not a departure from the plea : it is but a

new assignment of the same matter with more minuteness: it but fortifies the plea.

2. That a bond for prosecution is necessary, in an action of replevin, sued out by an inhabitant of another state, and so described in the writ. A bond for prosecution is essential to the validity of a writ of attachment. *Stat.* 37. 42. *s.* 1. 20. (ed. 1838.) *Starr* v. *Lyon,* 5 *Conn. R.* 54. A writ in favour of an inhabitant of another state, if no bond for prosecution is given on it, is deficient in a statute requisite, and is therefore extra-judicial and void. It is no sufficient answer to say, that a *replevin* bond was given. The condition of that bond is very different, and does not at all supersede the necessity of a bond for prosecution.

3. That the defendant is entitled to judgment in his favour on the third issue in law. This relates to the title of the property. The defendant asserts that title to be in him ; and if it be so, it is the most manifest injustice to hold him liable on his bond; and the proceedings had in the county court in the replevin suit, constitute no estoppel. In the first place, the question of title was never *in issue* between the parties in that suit ; and this defendant, therefore, cannot be estopped from trying that question here. Secondly, the plaintiff could lawfully withdraw that suit ; and after such withdrawal, a judgment of the court of *retorno habendo,* was irregular, extra-judicial and void. There was no issue decided between the parties on which such a judgment could rest. *Ladd* v. *Prentice,* 14 *Conn. R.* 109. A defendant in replevin cannot have a return of property, unless he plead property in himself or another, or make avowry or conusance. *Wilkinson on Rep.* 468. *Wildman* v. *North,* 2 *Lev.* 92. *Butcher* v. *Porter,* 1 *Salk.* 94. *Bul. N. P.* 54. *Gould* v. *Barnard,* 3 *Mass. R.* 199. The plaintiff should have taken out his writ of *retorno habendo,* and pursued it : not having done so, he cannot recover on this bond. *Cowdin* v. *Stanton,* 12 *Wend.* 120. *Ladd* v. *Prentice,* 14 *Conn. R.* 118.

4. That as the plaintiff has been paid his costs in the replevin suit, he has now no claim.

STORRS, J. The defendant claims, that the facts alleged in the first plea, and the rejoinder in connexion with it, constitute a bar to this action, because they show, that the property re-

plevied by *Saunders,* was, when attached on behalf of the plaintiff, and ever since has been, holden by the officer who attached the same, to respond on the executions of *Pond &amp; Co.,* on whose behalf it was first attached. The objection to the plantiff's recovery is urged, on the ground that the plaintiff has no interest in the property, or that there has not been a breach of the condition of the replevin bond, because the time had not arrived when the property could legally be demanded on the plaintiff's execution, and therefore, that there has been no default in not returning said property. The case of *Jordan* &amp; al. v. *Gallup,* decided by us at the present term, (*ante, p.* 536.) is however decisive, to shew, that the property was exonerated from the lien created by the attachments of *Pond &amp; Co.,* in consequence of its not having been taken and applied on their executions, within the time and in the manner prescribed by law; and that, therefore, it was holden to respond on the judgment of the plaintiff. On this ground that action was sustained against the officer, for his neglect in not having the property attached so that it might be taken on the plaintiff's execution. Therefore, the first plea is insufficient.

As to the third plea; if, as the defendant insists, the statute requiring the plaintiff to give bond for prosecution as a security to the defendant for costs, was applicable to the action of replevin brought by *Saunders,* it is obvious, that the provision was made solely for the benefit of the defendant in that suit; and the omission to give such bond being merely an irregularity in the process, which at most made it voidable only, and not void, was a matter pleadable only in abatement. By not interposing such plea, but pleading to the merits of the action, the defendant waived the irregularity, which he clearly had a right to do. *Quisque renuntiare potest juri pro se introducto. Com. Dig. tit.* Abatement. C. I. 23. 24. It requires neither authority nor argument to shew, that the proceedings in the replevin suit, are not invalidated on that account. The third plea, therefore, is insufficient.

The next question respects the competency of the defendant to plead the facts stated in the fourth plea, and their sufficiency as a bar to this suit. The declaration alleges, that, after the attachment of the property on the plaintiff's writ, *Saunders* brought his action of replevin therefor, on which it

was delivered to *Saunders ;* that he withdrew said action of replevin, and wholly failed to prosecute his said suit to effect ; and that the court before which it was brought, rendered judgment that the plaintiff should recover his costs ; and that *Saunders,* having wholly failed to make out a title to said goods and chattels, it was considered and adjudged by said court, that he should return said goods and chattels to the officer who had attached the same, and that, on failure thereof, he should pay the value of the goods, &c.—This plea, impliedly admitting the truth of these allegations, states, that the property, when so attached on behalf of the plaintiff, and also when replevied, was the property of said *Saunders.* The plaintiff, in his replication, sets up, that the defendant is estopped in this suit from alleging said facts stated in said plea, by reason of the facts alleged in that part of the declaration which has been recited. The rejoinder of the defendant repels this claim of estoppel, by the facts therein stated, to which there is a special demurrer. It is unnecessary to notice the facts stated in the rejoinder, or the special causes of demurrer, since our decision does not turn upon them. The questions which arise upon these pleadings, are 1. whether it is competent for the defendant to set up the facts stated in the plea ; and if it is, 2. whether they constitute a legal excuse for not returning the property attached at the suit of the plaintiff to the officer attaching the same, so that it might be taken on the plaintiff's execution ; in other words, for not complying with the judgment of the court in the action of replevin.

If the ownership by *Saunders* of the property would in law form such an excuse, it would seem, that it was neither so directly put in issue and explicitly negatived in the replevin suit, nor so necessarily inconsistent with the facts there found, that according to the rules which prevail on the subject of estoppels by matter of record, the defendant would be precluded from availing himself of the existence of this fact, in the manner attempted by this plea. The record in that suit states, that the court found that the plaintiff therein failed to make out a title to said property. Such finding is not equivalent to an allegation that such title was in issue and tried in that suit, because it might be, that such failure was owing to other causes which may be supposed ; and it in fact appears in this case, that it was in consequence of the plain-

tiff in that action withdrawing his suit, which was of itself a failure to prosecute his suit to effect or to make out a title, and indeed precluded a trial of the title. And this finding was justified and sustained, by such withdrawal. We waive, however, a decision of the point whether this plea is bad on the ground of estoppel, since we are clearly of the opinion, that *Saunders's* ownership of the property constitutes no legal excuse for not returning it, in compliance with the order of the court.

The statute regulating actions of replevin for goods and chattels attached, brought by a person other than the defendant in the suit, who shall claim to be the owner of them, (which is the character of the replevin suit in question,) provides, that "if the plaintiff in such suit shall fail to make out a title to such goods and chattels, judgment shall be rendered against him to return such goods and chattels to the officer who attached the same ; and that, on failure thereof, he shall pay the value of such goods and chattels, or the debt or damages recovered in the action in which they were attached, in case they exceed in value the amount of the debt or damage and costs." *Stat. tit.* Replevin, §8. That the court to which the replevin suit was brought, adjudged that the plaintiff therein had failed to make out a title to the property, and should return the same to the officer by whom it was attached, is averred in the declaration in the present case, and admitted by the plea which we are considering. That judgment, being rendered by a court having full and undoubted jurisdiction over the subject, is, on the most familiar principles, conclusive on the parties to that suit, and all who stand in the relation of privies to them ; and as it stands in full force until regularly reversed, it cannot be impeached collaterally by them. Nor can the propriety or reasons of the result to which such court arrived in rendering its judgment, be collaterally examined. It is sufficient, that its proceedings are within the sphere of its jurisdiction. Especially has a judgment like this that effect, which acts specifically on the property replevied, and which therefore is in the nature of a judgment *in rem.* It would be indeed a strange anomaly, if in this case a party to a suit could justify himself in not complying with the judgment rendered in it against him, by shewing, that such judgment is erroneous, in consequence of the exist-

ence of a state of facts, which it was incumbent on him to establish in that suit, which it was the object of that suit to try, and which he had an opportunity then to prove, but which he wholly failed to make out. The defendant in this suit confounds the rules of pleading in the action of replevin, with those applicable to a suit on the replevin bond. In that action, it was the all-important enquiry, whether the plaintiff had a title to the property; and there was the proper place to try that question. The question here is, not whether in fact he had such title, but whether he made it out on the trial of that suit. The record in that suit conclusively shews, that he did not; and that judgment of return was thereupon rendered. If it were proper to examine the propriety of that judgment, it appears to be manifestly correct. The withdrawal of the suit was plainly a failure to make out his title; and the statute thereupon expressly required the court to render a judgment of return. With this judgment it was the duty of the plaintiff in that action to comply, notwithstanding he may have been in fact the owner of the property replevied, and by returning it to the officer who had attached it, place the defendant in the same situation in which he stood when the writ of replevin was issued. In that peculiar action, both parties are said to be *actors,* because the property is specifically claimed by both, and the object of it is to dispose specifically of it to the party entitled. Hence, each party is treated as both plaintiff and defendant. It would be contrary to the very genius of the action to permit the plaintiff, after he has failed to prosecute his suit with success, and the defendant has obtained a judgment of return, to retain possession of the property. While it might be the height of injustice to the defendant, it would sanction the principle that a party might set at defiance and disregard the judgment of the court with impunity, and use its process as a cover for a tortious dispossession of another of his property.

The defendant, however, claims, that the declaration in this case is insufficient, because it does not allege, that there was an avowry in the action of replevin, by the present plaintiff, who was the defendant in that suit; and therefore, it does not appear, that the court could regularly award a judgment of return. The declaration is according to the long established and most approved precedents in actions on replevin bonds;

*Windham,*
*July, 1844.*

*Ormsbee*
*v.*
*Davis.*

by a reference to which it will be seen, that in such cases there is no averment of an avowry in the replevin suit. The pleadings in that suit are not detailed nor described in the declaration on a replevin bond; but the proceedings are stated with a *taliter processum fuit,* in the most succinct manner.   2 *Chitt. Pl.* 460, 1.   1 *Saund.* 92. *n.* 2.   1 *Wils.* 317. *Cowp.* 18.   It has, moreover, been often and uniformly decided, that in this action, an averment of an avowry is unnecessary.   *Gould* v. *Warner,* 3 *Wend.* 58. *Saund. Plead. & Ev.* 769. 770.   2 *Chitt. Pl.* 460.

The defendant also objects, that it does not appear by the declaration, that any issue was formed or tried in the replevin suit, upon which a judgment of return could be based.   That there was no trial of any issue between the parties, is evident from the averment that the suit was withdrawn by the plaintiff in that suit.   But in the action of replevin, that clearly would not prevent the defendant from having a return of the property, if on the facts he was entitled to it.   Whether on the withdrawal, any suggestion or formal claim by the defendant, was requsite, in order to lay the foundation of a judgment of return, need not here be decided.   If it was, the presumption is, that it was properly made; for there is always a legal presumption in favour of the regularity of the proceedings of every court while acting within its jurisdiction. *The People* v. *Nevins,* 1 *Hill* 154.   *Hart* v. *Seixas,* 21 *Wend.* 40. *Barwis* v. *Keppel,* 1 *Wils.* 314. 317.

The defendant, in the last place, insists, that it should appear by the declaration, that a writ of *retorno habendo* was issued; for that there is no default in not returning the property, until it has been properly demanded on such writ. Whether such writ was necessary to be taken out and returned on the judgment in the replevin suit, in order to subject the defendant to this action, need not be here considered. We are not aware, that such has been the practice in this state.   In *England* and *New-York,* it has been adjudged to be necessary.   It is however there well settled, and we think correctly, that in an action against the sureties on the replevin bond, it is not necessary that the issuing or returning of such writ should be alleged in the declaration, but that it is sufficient if it be proved on the trial.   2 *Chitt. Pl.* 463.   10

*Wend.* 329. *Sellon's Prac.* 267. *Willes* 6. The declaration, in this respect, is therefore sufficient.

*Tolland,*
*August, 1844.*

The last plea alleges, that the plaintiff in the action of re-plevin has paid to the present plaintiff the costs of that suit. This plea has not been insisted on, and is clearly no answer to this action.

The superior court, therefore, should be advised, that the first, third, fourth, and fifth pleas are insufficient.

In this opinion the other Judges concurred.

Judgment for plaintiff.