JAMES C. CONROY, and others, Respondents, v. WILSON FLINT, Appellant.

When property, the subject of a suit, is delivered and accepted pending the suit, that is, before verdict, the damages should be merely nominal.

Where a party accepts the goods which are the subject of the suit, the only damages that he can recover, are the value of the goods at any time between the detention and the delivery, with interest thereon.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

This was an action brought to recover possession of a quantity of iron, alleged to have belonged to the plaintiffs, and to have been forcibly and unlawfully taken and detained by the defendant, and for $5,000 damages alleged to have been sustained by the plaintiffs by reason of its detention.

The defendant's answer admits the plaintiffs' ownership of the iron, but denies their right to its immediate possession, and claims a lien upon it for wharfage and storage.

The case was tried before the Court upon an agreement that the right of the parties only should be determined, and if it became necessary to enter upon the question of damages, the case should be referred for that purpose.

The Court found for the plaintiffs.

The defendant then moved for a new trial, which was overruled, *pro forma*, and the case referred, to ascertain the amount of damages.

The referree assessed the plaintiffs' damages at $2,252 30, being the difference in value of the iron between the time of detention and delivery, and judgment was entered accordingly.

The defendant appealed from the order of the Court overruling his motion for a new trial, and also from the judgment.

*Crittenden* and *Inge*, for Appellant.

1. The iron having been delivered up by the appellant, and accepted by the respondents, before judgment, the respondents were not entitled

to any damages.   Their acceptance estops them from claiming dam-
ages.

2.   The respondents, if entitled to recover in this action at all,
could only recover the iron, or its value at the time of the taking by
the appellant,—but having accepted the iron after suit commenced,
they are estopped from such recovery.

3.   If the respondents are entitled to any damages, the rule adopted
by the referee for assessing them, is wrong.   The utmost the respond-
ents could claim, would be interest on the value of the iron while in
the hands of the appellant.

*Wm. H. Rhodes*, for Respondents.

No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court.   MURRAY,
C. J., and BRYAN, J., concurred.

The record is accompanied with a stipulation signed by the parties,
agreeing that it shall be considered as appearing on the record that
on the 30th of December, the iron which was the subject of the con-
troversy, was delivered to the plaintiffs and taken possession of by
them.   This was more than a month before the report of the referee
finding the damages, and consequently before judgment.

It is urged by the appellant, that therefore the damages should only
be nominal.

The rule in such cases is, that when the property is delivered and
accepted pending the suit,—that is, before verdict,—the damages shall
be merely nominal; but in this case the goods were only delivered after
verdict, and it must be assumed that the delivery was in pursuance of
the verdict which had already determined the rights of the parties.

The referee in this case found as part of the damages, the difference
in value of the iron between the time of detention and of delivery,
and judgment was entered on the report.

There is no principle of law which recognizes such a measure of
damages.   The most liberal rule would allow the highest value of the
goods at any time between the conversion and the judgment, and
interest thereupon.   But where the plaintiff accepts the goods which

are the subject of the suit, he has made his election to take the goods in lieu of their value, and the only damages he can recover would be the interest upon their highest value; except in cases where some special damage is specifically averred in the declaration.

Whether the charge for wharfage made by the defendant, was a proper one, is a question of fact, decided, upon conflicting testimony, by the Judge of the District Court sitting as a jury, and therefore is not properly a subject for our consideration.

Upon the first question considered, the judgment is reversed and the cause remanded.