ABIRAM W. ALLEN *vs.* LESTER WOODFORD AND ANOTHER.

Where a writ of replevin after service is not returned to court through the negligence either of the plaintiff or of the officer employed by him, it is a failure to prosecute to effect, within the meaning of that term in the condition of the replevin bond.

In a suit brought on a replevin bond in such a case, it was held that the defendants might show in mitigation of damages that the property replevied belonged to the plaintiff in the replevin suit.

DEBT on a replevin bond; brought to the Superior Court in Hartford county, and tried to the jury, on a general denial, before *Pardee, J.*

The action of replevin, in which the bond was given, was brought for a horse claimed by the plaintiff in that suit.   On the trial of the present case the defendants, for the purpose of reducing the damages, offered evidence that the horse was the property of the plaintiff in the replevin suit.   To this evidence the plaintiff objected and the court excluded it.

The defendants also offered evidence to prove, and claimed to have proved, that the original writ of replevin was handed by the plaintiff therein to one Spencer, a constable of the town of Bloomfield, with instructions to serve the same according to the directions therein, and that Spencer afterwards

served the writ by taking the horse directed therein to be replevied, and made service of the same upon the defendants, and afterwards delivered the horse to the plaintiff as directed in the writ, and that neither the plaintiff nor any other person had ever given any further instructions to the officer concerning the service of the writ or the return of the same, but that about four days before the return day thereof the attorney of the plaintiff had particularly directed the officer to return the writ to court in due time. The officer testified that he searched for the writ after making service of it, but was unable to find it, and at different times afterwards endeavored to find it, but was unable to do so until about four or five weeks after the first day of the term to which it was returnable, when he found it in his house mislaid among his papers; but the legal return day having long passed, he never took any further action in the matter, and the writ was never returned to court.

Upon the trial of the case the defendant requested the court in writing to charge the jury, that if they found that the writ was not returned by fault of the officer serving the same, and by no fault of the plaintiff therein or his agents, such failure to return the writ was not chargeable to the plaintiff therein, and that he was not responsible for a failure to prosecute by reason of such non-return; and that the taking of the horse and all the doings of the officer by virtue of the writ were rendered thereby null and void from the beginning, and every act of the officer a trespass, and that the officer's right to hold the horse by virtue of the writ of replevin was annulled, and the bond given in the original suit dissolved and rendered of no effect, and that the sureties in the bond were thereby discharged.

The court charged the jury that whether or not they found that the non-return of the writ was caused by the sole fault or negligence of the officer, yet the primary liability in either case was on the plaintiff in the original act of replevin, and that it was the duty of the jury to return a verdict for the present plaintiff in damages in

such sum as they found due, provided they found the other facts necessary for the plaintiff to recover proved.

The jury rendered a verdict for the plaintiff for $140 damages, and costs, and the defendant moved for a new trial for error in the rulings and charge of the court.

*G. Case,* in support of the motion.

1. The officer serving the writ of replevin was the agent of the law and not of the plaintiff in the writ, and the latter is in no manner responsible for his neglect of duty. All that the plaintiff was responsible for was the validity of the process and good faith in procuring it, and for such irregularities in the proceedings of the officer as he may have specially authorized or approved, making the officer to that extent his agent, but no further. *Smith* v. *Bradley,* 1 Root, 148 ; *Allen* v. *Crary,* 10 Wend., 349 ; *Nicholson* v. *Mounsey,* 15 East, 384 ; *Adams* v. *Freeman,* 9 Johns., 117 ; *Stone* v. *Chambers,* 1 Strobh., 117 ; *Abbott* v. *Kimball,* 19 Verm., 551 ; *Hyde* v. *Cooper,* 26 id., 552 ; *Shaw* v. *Reed,* 16 Mass., 450 ; *Stewart* v. *Wells,* 6 Barb., 79 ; *Derby Bank* v. *Landon,* 2 Conn., 417 ; *Ormsbee* v. *Davis,* 16 id., 568 ; *Persse* v. *Watrous,* 30 id., 139 ; *Lockwood* v. *Jones,* 7 id., 435 ; *Parsons* v. *Williams,* 9 id., 236 ; *Ladd* v. *Prentice,* 14 id., 109 ; *Fleet* v. *Lockwood,* 17 id., 233.

2. Evidence is admissible in an action against the sureties in a replevin bond to show that the property replevied was owned by their principal, in order to affect the amount of damages. 1st. By the common law. *Ormsbee* v. *Davis,* 16 Conn., 568 ; *Smith* v. *Hazel,* 3 Cranch C. C., 55 ; *Ringgold* v. *Bacon,* id., 257. 2d. Under the statute. Gen. Statutes, 40, sec. 193 ; *Persse* v. *Watrous,* 30 Conn., 139 ; 2 Story Eq. Jur., §§ 1313 to 1317.

*C. E. Perkins,* contra.

1. In a suit on a replevin bond the defendants cannot show that the plaintiff in the action of replevin was in fact the owner of the property replevied. It is expressly so held in *Ormsbee* v. *Davis,* 16 Conn., 568, 576. The proper place to try this question was in the action of replevin. If for any rea-

son it was not tried then the plaintiff should restore the prop-
erty and bring another writ of replevin. This is the practice.

2. It is claimed on the other side that if the writ of replev-
in is not returned by the fault of the officer no action can be
brought on the replevin bond. This is held otherwise in *Persse*
v. *Watrous*, 30 Conn., 139. The bond of the plaintiff is that
he will prosecute the suit to effect. It is his duty to see that
the officer returns the writ. The bond is the only thing which
the defendant in the replevin suit has for security. The
plaintiff can sue the officer on his official bond for not return-
ing the writ, but the defendant cannot. If the officer were
insolvent he would therefore have no redress. The plaintiff
in the replevin suit forcibly takes property from the defend-
ant and places this bond in its stead. If the writ is not return-
ed by the officer the plaintiff can protect himself by returning
the property and immediately serving another writ of replev-
in. He therefore cannot be injured by the adoption of the
construction claimed by us, as he not only has an action
against the officer on his official bond for any loss he may
suffer, but is not prevented from trying the question of the
ownership of the property in another action.

CARPENTER, J. On the 10th day of March, 1868, George
L. Rockwell, one of the defendants, sued out a writ of replev-
in in his favor against the plaintiff, under the 341st section of
the statute with regard to civil actions. Gen. Statutes, page
78. By virtue of this writ a horse was taken from the plain-
tiff and delivered to said Rockwell. The writ, through the
negligence of the officer serving the same, was never returned
to court, and no further action was had thereon. The bond,
executed by the defendants at the time of suing out the writ,
was conditioned to pay the costs in case the plaintiff in the
suit failed to prosecute to effect, and also to pay all damages
that should be recovered by the defendant in the suit, and to
return the property replevied in case the plaintiff failed to
establish his right to it. The present suit is an action upon
that bond. The plaintiff obtained a verdict, and the defend-
ants move for a new trial.

The motion presents two questions :—

1. Was there a failure to prosecute the replevin suit to effect, and establish the right of the plaintiff therein to the property in question ?

2. Was it competent for the defendants, in mitigation of damages, to prove that Rockwell was in fact the owner of the horse ?

The ruling of the court in both instances was adverse to the defendants.

1. The charge of the court in respect to the first question was manifestly correct. It is the duty of a plaintiff in a replevin suit to see that all the necessary steps are taken to bring the cause to trial, in order that both parties may have an opportunity to present their claims, and that the question of title may be finally determined. A failure to do this, either through his own negligence or the negligence of the officer employed by him, is a failure to prosecute to effect, and subjects him to an action on his bond. The court charged the jury in accordance with this view, and the defendants have no just reason to complain.

2. The defendants offered to prove, in mitigation of damages, that Rockwell was in fact the owner of the horse. The evidence was objected to by the plaintiff, and the court excluded it. The case of *Ormsbee* v. *Davis*, 16 Conn., 567, is relied upon as sustaining this ruling. That case is distinguishable from this. In that case the plaintiff in the replevin suit withdrew the action, and thereupon the court rendered udgment against him for the return of the property. He refused to return it, and a suit was brought on the replevin bond. One ground of defense was that he was the owner of the property, and this he claimed was a legal excuse for not complying with the judgment of the court. The Supreme Court held otherwise. The judgment of return could only be rendered upon the plaintiff's failure to make out a title. The court must therefore of necessity have found that he did not make out his title. Proof of title in the plaintiff tended to impeach that judgment and call in question its propriety in a collateral manner.

In this case there was no judgment of return. The defendant did not in fact have any opportunity to establish his title, and no court passed upon that question. The evidence offered in this case, therefore, was not obnoxious to the objection that it impeached a judgment collaterally.

But that case differs from this in another respect. In that case the evidence was offered as a complete defense to the action ; here it is offered simply in mitigation of damages. This distinction, in view of recent decisions, is an important one. The common practice now is, in cases of defaults and demurrers, to admit evidence disproving a cause of action in mitigation of damages, but not to admit it as a defense. The question now before us was not decided in *Ormsbee* v. *Davis*, and we are at liberty to consider it independently of that case.

We agree it is irregular and improper for a party to gain possession of property by means of a writ of replevin, and then withdraw or otherwise abandon his suit and try the question of title in an action on the replevin bond. We have no disposition to encourage such a proceeding. Hence the propriety, in such a case, of holding a party liable on his bond, and subjecting him to some damages. But it is believed that a certain liability to costs in both cases will be sufficient to prevent the practice from prevailing to any considerable extent. At all events, we do not feel called upon, in an action like this, where the plaintiff without any personal fault has had no opportunity to prove his title, to go further, and, in addition to costs, to subject him also to a loss of his property. For we must assume, for the purposes of this question, that the title is in him. If he cannot avail himself of that title to affect the damages in this action, it is difficult to see how he can ever make it available. It is true he might have complied with the condition of the bond by returning the property, in which case he might have tried the title in another action of replevin ; but after a recovery in this action it will be too late for that course, and the damages awarded against him cannot in any form of action be recovered back. If the plaintiff is permitted to recover the full value of the horse, he

recovers for property not belonging to him, and is accountable to no one; while the defendant is compelled to pay for his own property, and is without redress. Consequences like these should be avoided if possible. Such a result is unnecessary. Nothing in the bond, the statute, or the authorities cited, requires it. Justice forbids it. The statute, (Gen. Statutes, p. 40, sec. 193) provides, that " in actions on penal bonds, containing conditions which have been forfeited and broken, the court, or jury when tried by the jury, shall find and assess such damages as are justly and equitably due, and judgment shall not be rendered for the whole penalty unless it appears to be due." The question therefore is, how much is *equitably* due the plaintiff? Certainly not the full value of the horse, unless he owns him, or the defendant is in some way estopped from showing his own title. In *Ormsbee* v. *Davis* a judgment of return estopped the defendant. No such judgment exists in this case, and the other facts existing do not, as we have seen, justify us in applying the doctrine of estoppel. The value of the horse to the plaintiff was the important inquiry. If the defendant could show that the plaintiff had no title or claim to the horse, that would prove that he was of no legal value to him, and damages should have been awarded accordingly.

For these reasons we think that the evidence offered should have been received, and that a new trial should be advised.

In this opinion the other judges concurred.