ELLEN D. JONES *vs.* ELIJAH SMITH and others.

Penobscot.    Opinion June 10, 1887.

*Replevin.  Bond.  Damages.*

The failure to enter a replevin writ in court and to prosecute the same to
judgment, when due service has been made upon the defendant, constitutes
a breach of the replevin bond.

In a suit upon the replevin bond the defendant may show title to the property
replevied, in mitigation of damages, when there has been no judgment in
the replevin suit determining the title to the property.

ON report.

Debt on a replevin bond.   The opinion states the material
facts.

*Jasper Hutchings,* for the plaintiff.

The plaintiff is entitled to maintain her action and recover
nominal damages at any rate.  *Smith* v. *Whiting,* 97 Mass.
316; S. C. 100 Mass. 122.

The case at bar is unlike *Pettygrove* v. *Hoyt,* 11 Maine, 66.

*Davis and Bailey,* for defendants.

The plaintiff has sustained no damage by the non entry of the
replevin writ.   In fact if we are correct in our view of the case,
she is the gainer thereby.   We respectfully call the attention of
the court to the authorities cited by the plaintiff's attorney, to
the effect that plaintiff has suffered no damage and cannot
maintain the action.  See *Pettygrove* v. *Hoyt,* 11 Maine, 66;
*Smallwood* v. *Norton,* 20 Maine, 83; also see *Gilman* v.
*Wills,* 66 Maine, 273.

FOSTER, J.   Debt on a replevin bond.   The principal parties
are the same as in the preceding action (*Jones* v. *Smith*).

The replevin suit in which the bond was given was for ten tons of hay in the barn upon the premises named in that action, a part of which was grown and cut on the premises in 1884, and for one ton of unthreshed peas also grown thereon the same season, harvested and lying in heaps in the field at the time the replevin suit was commenced.

This defendant had cut the hay and harvested the peas under an arrangement with the assignee of the mortgagee in possession, and was the undoubted owner of the property replevied. To obtain possession of the same after this plaintiff had redeemed the estate mortgaged and came into possession thereof under a decree for redemption, this defendant brought his writ of replevin, returnable at the October term of court, 1884, for Penobscot county.

The writ was duly served upon this plaintiff, as appears by the officer's return thereon; but it was never entered in court, and no judgment has been rendered in the replevin suit.

This was a breach of the bond—one of the conditions of which was, that the party should prosecute the said replevin to final judgment, and which has not been done. *Pettygrove* v. *Hoyt*, 11 Maine, 69 ; *Tuck* v. *Moses*, 54 Maine, 121-2 ; *Smith* v. *Whiting*, 97 Mass. 316, 318 ; *Persse* v. *Watrous*, 30 Conn. 139 ; *Perreau* v. *Bevan*, 5 B. & C. 284 (11 E. C. L. 237).

In *Morgan* v. *Griffith*, 7 Modern, 380, it was said by LEE, C. J., that "in all replevin bonds there are several independent conditions ; one to prosecute, another to return the goods replevied, and a third to indemnify the sheriff; and a breach may be assigned upon any of these distinct parts of condition."

*Dias* v. *Freeman*, 5 T. R. 195, was an action upon a replevin bond, the declaration alleging that the plaintiff in replevin did not appear at the county court next after giving the bond according to the condition ; and did not then and there, or in any manner, or at any place or time prosecute his suit with effect against the defendant in said suit. On special demurrer the declaration was adjudged good, and the plaintiff had judgment thereon, although it did not appear that the suit in replevin was legally determined, or what the judgment was, if any, that was

given therein, or whether there was any judgment for return or not.

This question came before the court in Connecticut in *Allen* v. *Woodford*, 36 Conn. 143, and it was there held that a breach of the bond may occur in consequence of a failure to return the writ through negligence of the officer or the plaintiff. But that the title of the plaintiff in replevin may be shown in such case in mitigation of damages in an action upon the bond.

And in *Smith* v. *Whiting*, 100 Mass. 122, the precise question was presented, and it was there held that if the plaintiff in replevin fails to prosecute the replevin to final judgment in conformity with the condition of his bond, it will constitute a breach thereof and entitle the defendant in replevin to judgment for nominal damages in an action on the bond, even if he had no title to the property replevied.

What damages is the plaintiff entitled to recover? The bond is given as an indemnity for whatever loss or damage the plaintiff may have suffered. There has been no judgment in the replevin suit determining the title to the property, and the question of property has in no way been passed upon. The question of damages, so far as it has not been settled by any judgment, is therefore open to the defendants. *Tuck* v. *Moses*, 58 Maine, 476 ; *Buck* v. *Collins*, 69 Maine, 448. There can be no valid objection in permitting the defendant, in a suit like the present, to show anything in mitigation of damages, where it is not inconsistent with any judgment in the replevin suit. Thus in an action upon the replevin bond it has been held competent for the defendants to show in mitigation of damages that since the taking by the replevin writ, the plaintiff's interest in whole or in part has ceased to exist, and that the actual damages sustained by the plaintiff was the simple question involved, *Tuck* v. *Moses*, 58 Maine, 462 ; so in an action on the bond by one of the owners of the property held in common, it has been held that his interest may be shown in mitigation of damages and as limiting the amount to be recovered, *Bartlett* v. *Kidder*, 14 Gray, 449 ; or, that the suit was prematurely brought, and that the action of replevin failed solely upon that account, *Davis* v.

*Harding*, 3 Allen, 302 ; or, that the goods have been delivered and accepted pending the suit, and in such case that only nominal damages could be recovered, unless perhaps the plaintiff might be entitled to interest on the value, *Conroy* v. *Flint*, 5 Cal. 327. In these cases there had been a judgment for return, and yet the court held the evidence admissible as not being inconsistent with the judgment, nor impeaching it, in reference to the right of property which had not been determined in the progress of the replevin suit. Of course if it has been so determined, it can not be opened anew in the suit on the replevin bond. This is the doctrine of all the authorities. *Tuck* v. *Moses, supra* ; *Buck* v. *Collins*, 69 Maine, 447-8 ; *Clapham* v. *Crabtree*, 72 Maine, 477 ; *Davis* v. *Harding*, 3 Allen, 306.

Consequently in mitigation of the plaintiff's damages, it has been held that in a suit on the replevin bond the defendant may show that the plaintiff had no title to the property, on the ground that the judgment in the replevin suit was not necessarily conclusive upon that question. *Wallace* v. *Clark*, 7 Blackf. (Ind.) 298 ; *Allen* v. *Woodford*, 36 Conn. 143 ; *Smith* v. *Whiting*, 100 Mass. 122 ; Sedgwick on Dam. 503.* Field on Dam. § 838 ; *McFadden* v. *Ross*, (Ind.) 5 Western Rep. 693.

"Such is the reasonable doctrine," remarks DANFORTH J., in *Tuck* v. *Moses, supra*, "for it is simply a question of actual damage to the plaintiff or those he represented. It could be no damage to him to withhold that which he had no right to receive, or having received he would be under legal obligation to return."

And in *Farnham* v. *Moor*, 21 Maine, 509, in a suit on a replevin bond, "judgment is to be rendered upon default," remarks WHITMAN, C. J., "for the plaintiff, for as much as he is in equity and good conscience entitled to recover." This is the principle by which the courts have been governed in their determination of cases like the one now before us. *Miller* v. *Moses*, 56 Maine, 128, *Leonard* v. *Whitney*, 109 Mass. 265 ; *Claggett* v. *Richards*, 45 N. H. 364 ; *Witham* v. *Withim*, 57 Maine, 449, and *Clapham* v. *Crabtree*, 72 Maine, 473, are all in harmony with this equitable position of the courts which will

not be found to militate in the least against the wholesome doctrine of estoppel by judgment.

This case is before the court on report. The defendants by their pleadings, and by way of mitigation of damages, assert title to the property at the time the replevin suit was commenced to have been in Elijah Smith, the plaintiff in that suit—now one of the defendants in this. The evidence satisfies us that this is true. While it is not a complete defence to this action, the plaintiff, however, will be entitled to recover only nominal damages, as that is the extent of the damage disclosed by the evidence.

Judgment must therefore be for the plaintiff for the amount of the penalty named in the bond, (*Davis* v. *Harding,* 3 Allen, 302; *Wright* v. *Quirk,* 105 Mass. 48) but execution is to issue for only one dollar as nominal damages.

*Judgment accordingly.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.