## WALTER J. SATTLER
*vs.*
## ALICE E. SATTLER

Superior Court     New Haven County     File No. 56407

MEMORANDUM FILED MARCH 15, 1939.

*Lewis J. Somers,* of Meriden, for the Plaintiff.

*Harry R. Cooper,* of Meriden, for the Defendant.

SIMPSON, J.   This is an action for divorce, the plaintiff being a resident of Springfield, Massachusetts, and the defendant a resident of Meriden in this state.   The plaintiff did not "enter into a recognizance to the adverse party with some substantial inhabitant of this state as surety", nor did "some substantial inhabitant of this state. . . . enter into a recognizance to the adverse party", that the plaintiff will prosecute his action to effect and pay all damages (Gen. Stat. [1930] §5619).

The defendant has filed a plea in abatement alleging the noncompliance with the statute.   The plaintiff demurs to the plea in abatement on the ground that the statute only applies to process in actions where costs are taxable in favor of the defendant and that no costs are taxable in divorce actions.

The giving of a bond or surety is for the benefit of defendant in those civil actions where costs are taxable.   *Bissing vs. Turkington,* 113 Conn. 737.   The failure to enter into a recognizance or furnish a bond does not render the process void but voidable only.   *Ormsbee vs. Davis,* 16 Conn. 567; *Morse vs. Rankin,* 51 id. 326.

The process not being void *ab initio* and not required except where costs are taxable in favor of the defendant, the question involved in the instant case turns upon the question whether or not costs are taxable in favor of the prevailing party in a divorce action.

This question has never been decided by our Supreme Court. It has been the practice for many years not to tax costs in

divorce proceedings. This may have grown out of the theory that a divorce action is not a civil action in the sense that term is used in the statute pertaining to costs to a prevailing party, but more of a special statutory proceeding or petition to dissolve the marital ties. That the proceeding is creature of the statute there is no doubt. *Steele vs. Steele,* 35 Conn. 48. Whether the practice grew out of the above theory there is no way of determining, but the fact is that the practice not to tax costs in a divorce action or petition has prevailed from time immemorial. In 1923, the question was before the trial judges and after coming to the conclusion "that it is not the practice to tax costs in divorce actions", they "voted to advise clerks who inquire about this, to continue not to tax costs until some one takes it up and gets a ruling." This has been the opinion of the trial judges ever since. How long before 1923 it was the practice not to tax such costs, this court does not know. While practice, even though long continued, may not have the effect to repeal or abrogate an applicable statute, the fact that it has continued so long, with the approval of the trial judges, has much weight on the proposition that section 5619 of the General Statutes, Revision of 1930, pertaining to the giving of bond, does not apply to divorce proceedings or petitions.

In *Steele vs. Steele, supra,* the Supreme Court held that divorce is a special creature of statute and the manner in which the Superior Court shall proceed and the rule by which it shall be governed in acting upon applications for divorce, are not prescribed by the statute giving it jurisdiction of the subject, and both are therefore left to its discretion. As early as 1899 the judges of the Superior Court adopted the following rule: "Except in actions of divorce no mesne process shall be issued until the recognizance of a third party for costs has taken." (Rules, Practice Act of 1908, §127). This rule was continued in the Practice Book of 1922 (§162) and in the Practice Book of 1934 (§27), it was revised to the present form, viz.: "In all actions wherein costs may be taxed against the plaintiff, no mesne process shall be issued until the recognizance of a third party", shall have been taken. This change was evidentally made to meet the situation in other cases where it was discovered no costs were taxable.

By practice and rule it clearly appears that it was considered that no costs were taxable in divorce proceedings. This conclusion could only have been reached upon the theory that sec-

tion 5619 of the General Statutes, Revision of 1930, was not applicable.

The conclusion of the court is that inasmuch as no costs are taxable in divorce proceedings, section 5619 of the General Statutes, Revision of 1930, is not applicable, and that the giving of a bond in such cases would be a nullity, which the law will not require.

The demurrer to the plea in abatement is therefore sustained.