[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The relevant facts are undisputed. The parties entered into an agreement where the defendants took possession to the premises at 77 West Main Street, Apartment #2, Chester pursuant to a written month to month lease in March 1991. The agreed rent was six hundred and fifty dollars ($650.00), payable on the first day of each month. The defendants continue to occupy the same.
On May 31, 1997, the plaintiff served a Notice to Quit Possession on the defendants to vacate the premises on or before June 6, 1997. The Notice to Quit stated the reason for the termination as nonpayment of rent. It is also undisputed that the defendants did not pay rent for the month of April or May. The defendant answered the complaint by way of special defenses alleging inter alia; the premises lacked a proper Certificate of Occupancy in violation of Connecticut General Statutes 47a-57 and that the obligation to pay rent was excused by Connecticut General Statutes 47a-5. The plaintiff admits the premises did not have a Certificate of Occupancy any time before service of the Notice to Quit. The testimony of Chester building inspector Ronald Rose at trial shows that the premises in question was not CT Page 9827 in need of a certificate of occupancy because it was "grandfathered" by the statute. The building located at 77 West Main Street, Chester was built prior to 1950. The law was enacted in 1969 by public act 462. The evidence present also shows that the apartment is fit for habitation and was fit for habitation during the entire tenancy."
LAW
A notice to quit is necessary to terminate periodic tenancies and is a condition precedent to the prosecution of a summary process action, C.G.S. 47a-23; O'Keefe v. Atlantic Refining Co.,132 Conn. 613, 622; Barteis v. Windsor, 134 Conn. 569. If the notice to quit is defective, it is a nullity and does not have the effect of terminating the lease, Bridgeport v Barbour-DanielElectronics, Inc., 16 Conn. 574; Housing Authority v. Hird,13 Conn. App. 150. Where the notice to quit is defective, the court is without jurisdiction to hear the case, Bridgeport v. Barbour-DanielElectronics, Inc., 16 Conn. 574. Because of the statutory and summary nature of the proceeding this statute has been narrowly construed and strictly followed, JoMark Sand Gravel v.Pananella, 139 Conn. 598 (1953). The notice to quit must state a legally sufficient ground, giving the defendant notice of the reason for the eviction so that he can prepare a defense,Bongiovanni v Reardon, 8 CLT No. 50 at 17. Under Connecticut law, the lack of an inspection and Certificate of Occupancy or its equivalent, a Certificate of Continuous Occupation, renders any apartment in complex or building which contains three or more dwellings untenantable, in any municipality that has adopted C.G.S. 47a-57. However, the law provides for some exceptions to this section of the statute. The provisions of this section shall not apply to any structure which has been constructed ore substantially reconstructed within a ten year period immediately before the date such certificate of occupancy would otherwise be required under this section, C.G.S. 47a-57 (d).
CONCLUSIONS
In the current case the defendants were properly served with a notice to quit possession on or before June 6, 1997 as required by C.G.S. 47a-23. The Notice to quit stated the reason for the termination of the rental agreement as nonpayment of rent. The defendants raised the special defense that the premises were without a proper Certificate of Occupancy in violation of Connecticut General Statutes 47a-5 and that the unlawful CT Page 9828 occupation excused them for payment of rent. While the law does relieve the tenant of the obligation to pay rent for any dwelling unit where a certificate of occupancy has not been obtained prior to occupation, and also prohibits the landlord from evicting the tenant for nonpayment of the rent. The landlord in the present case is not prevented from collecting rent or evicting for nonpayment because the property in question fall within enumerated exception provided by Connecticut General Statutes 47a-57 (d). Judgment of possession enters in favor of the plaintiff, Cheryl A. Reynolds. There is a stay of execution until September 30, 1997. The defendants are to make use and occupancy in the amount of six hundred and fifty dollars ($650.00) for the months of August and September to the plaintiff on or before September 10, 1997.
DUNN, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 9832